# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

JORGE BAZALDUA,

      Petitioner,

v.

ALBERTO GONZALES, DENISE FRAZIER,
and SCOTT BANIECKE,

      Respondents.

Civil No. 07-2787 (DSD/SRN)

**REPORT AND RECOMMENDATION**

---

    Thomas R. Anderson, III, Robichaud & Anderson PA, 211 Washington Avenue North, Minneapolis, Minnesota 55401, for Petitioner

    D. Gerald Wilhelm, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondents

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    The above-captioned case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 (Doc. No. 1) and Respondents' Motion to Dismiss the Petition (Doc. No. 3).  The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1.  For the reasons discussed below, the Court recommends that the motion to dismiss the petition be denied and the Petitioner's application for habeas corpus relief be denied with prejudice.

**I.    BACKGROUND**

    Petitioner entered the United States without permission in June 1993.  Ten years later, in 2003, he was convicted of criminal damage to property in the third degree, an aggravated felony. As a consequence of the conviction, Petitioner was placed in removal proceedings.  The

Department of Homeland Security served a Notice of Intent to Issue a Final Administrative Removal Order on Petitioner on April 13, 2007, and the final removal order was issued on April 30, 2007. Petitioner appealed the removal order to the Eighth Circuit Court of Appeals, which denied the appeal.

Meanwhile, on June 12, 2007, Petitioner filed a post-conviction motion in state court to vacate and set aside the 2003 criminal conviction. He filed the present habeas petition in federal court on the same day. At that time, Petitioner was in the custody of Immigration and Customs Enforcement in the Sherburne County Jail in Elk River, Minnesota. Petitioner alleges in his habeas petition that removing him before the state court rules on his post-conviction motion would violate his Fifth Amendment right to due process.

In addition to seeking habeas relief, Petitioner also sought a temporary and permanent injunction preventing his removal. On June 15, 2007, the Honorable David S. Doty denied Petitioner's motion for a temporary restraining order. (Doc. No. 8.) The District Court found that it had jurisdiction to adjudicate the § 2241 petition because Petitioner was not challenging the removal order itself, only the constitutionality of the timing of the removal prior to a state court ruling on his post-conviction motion. In analyzing the propriety of injunctive relief, the District Court noted that Petitioner's state court conviction was final for purposes of immigration proceedings, and that he had exhausted his right to petition for review from the Eighth Circuit Court of Appeals.

## II.  DISCUSSION

### A.  Motion to Dismiss

Respondents move to dismiss the petition on two grounds: (1) lack of subject matter jurisdiction and (2) waiver. The District Court has already determined that subject matter

jurisdiction exists, and the Court therefore turns to the waiver issue.

Respondents contend that Petitioner waived his right to raise constitutional issues in his habeas petition because he failed to raise those issues on direct appeal of the removal order. Upon review of Petitioner's exhibits, memorandum of law, petition for review, and motion to stay, the Court agrees that Petitioner did not raise any constitutional issues in his appeal of the removal order to the Eighth Circuit Court of Appeals.

Respondent cites <u>Raffington v. Cangemi</u>, 399 F.3d 900 (8th Cir. 2005), for the proposition that Petitioner waived his right to raise the due process issue in his habeas petition because he failed to raise the issue on direct appeal of the removal order. In <u>Raffington</u>, the habeas petitioner argued that the government was estopped from removing her because the Immigration and Naturalization Service's appeal of an order granting suspension of deportation was frivolous. <u>Id.</u> at 901. Reviewing the denial of the petition, the Eighth Circuit noted that the habeas petitioner had not raised this issue on direct appeal of the removal order before that court. <u>Id.</u> at 902. The petitioner's estoppel claim directly challenged the removal order and could have been raised on direct review. <u>Id.</u> The court expressly rejected the petitioner's argument that "habeas relief is available for a claim that could have been raised on direct review of an order of removal but was not." <u>Id.</u>

Here, Petitioner is claiming that removing him before the state court rules on his post-conviction motion would violate his Fifth Amendment right to due process. He does not directly challenge the removal order itself. This is a critical distinction from <u>Raffington</u>. See <u>Singh v. Gonzales</u>, 499 F.3d 969, 978 (7th Cir. 2007) (finding a distinction between challenges to orders of removal and challenges that arise independently). Therefore, this Court finds that Petitioner did not waive his due process claim, and the motion to dismiss should therefore be denied. The

Court will now proceed to the merits of Petitioner's claim.

### B.     Merits of the Habeas Petition

Petitioner is not challenging the process he received in connection with the removal proceedings. He argues only that his removal would violate due process because he has commenced a post-conviction proceeding on the conviction founding the basis for his removal, but the state courts have not yet ruled on his post-conviction motion. The Court construes Petitioner's argument as a challenge to the finality of the conviction for removal purposes.

More than fifty years ago, the United States Supreme Court reviewed a case which held that an alien could be deported for convictions of two crimes of moral turpitude, one of which resulted in a suspended sentence and probation. Pino v. Landon, 349 U.S. 901, 901 (1955) (per curiam), reversing Pino v. Nicolls, 215 F.2d 237 (1st Cir. 1954). The Supreme Court stated: "[W]e are unable to say that the conviction has attained such finality as to support an order of deportation within the contemplation of § 241 of the Immigration and Nationality Act, 8 U.S.C. § 1251." Id. This was the birth of the "finality rule." See Martinez-Montoya v. I.N.S., 904 F.2d 1018, 1025 (5th Cir. 1990) ("[W]e trace the requirement of finality back to the per curiam decision in Pino v. Landon . . . ."), superseded on other grounds by 8 U.S.C. § 1101.

The Fifth, Sixth, and Ninth Circuit Courts of Appeal have held that the pendency of a post-conviction motion does not affect the finality of a conviction for removal purposes because the conviction becomes final when a defendant has exhausted or waived his right to direct appeal. Gregada v. I.N.S., 12 F.3d 919, 921 (9th Cir. 1993); Okabe v. I.N.S., 671 F.2d 863, 865 (5th Cir. 1982); Aguilera-Enriquez v. I.N.S., 516 F.2d 565, 570-71 (6th Cir. 1975). Petitioner has offered no authority to support his position that due process would be offended by his removal before he obtains a ruling on his post-conviction motion in state court, and the Court has

found none.  Moreover, the proposition that due process requires the finality of state post-conviction proceedings prior to removal of an aggravated felon is inconsistent with Eighth Circuit precedent that there is no federal constitutional requirement that a state provide a means of post-conviction review.  See <u>Smith v. Lockhart</u>, 882 F.2d 331, 334 (8th Cir. 1989).  The Court concludes that due process would not be violated by removing Petitioner after he has exhausted direct review of his conviction and the order for removal, but before the State has adjudicated his post-conviction motion.  Accordingly, the petition should be denied.

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**;

2. Respondents' Motion to Dismiss the Petition (Doc. No. 3) be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: January 7, 2008

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 22, 2008 , a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.